UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN WAYNE WHITING,

    Plaintiff,

    v.                                  CAUSE NO.: 3:18-CV-331-PPS-MGG

JOHN BOYD, et al.,

    Defendants.

OPINION AND ORDER

Stephen Wayne Whiting, a prisoner without a lawyer, filed a complaint. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Whiting, a pretrial detainee at the LaPorte County Jail, alleges that, on March 5, 2018, he noticed a painful bump with a green core on his forearm. Nurse Salanez, who dispensed medication to inmates, gave him a band-aid and stated that Whiting should be examined. On March 6, the painful bump reddened and

increased in size. Nurse Salanez refused to examine it, stating that Whiting needed to submit a medical request through the kiosk. However, Whiting was unable to request medical treatment in this manner. On March 7, Whiting complained that the bump had grown even larger and caused so much pain that he could not sleep. Nurse Bucklin told Whiting that he would attempt to get Whiting to the medical unit. On March 8, 2018, Whiting was told that he would be examined in the medical unit that day, but he received no treatment. That morning, the forearm bump burst open.

On March 9, Nurse Bucklin refused to see Whiting as he dispensed medication. Whiting complained to Officer Kribbs that he had a two-inch open and leaking wound and that he felt weak and had a fever. She refused to send him to the medical unit and eventually refused to respond to Whiting's repeated requests for medical assistance. That evening, Nurse Salanez escorted Whiting to the medical unit after seeing the open wound. She sent a photograph of the wound to a physician and asked for antibiotics. She also cleaned and wrapped the wound and gave Tylenol to Whiting. On March 10, Whiting asked Officer Cummings to contact the medical unit so he could start his medication, but Officer Cummings refused. However, Whiting received medication that night. Though the wound has healed, it left a scar. Whiting seeks money damages.

Whiting alleges a claim of deliberate indifference to serious medical needs against Sheriff Boyd, Nurse Salanez, Nurse Bucklin, Officer Kribbs, and Officer Cummings. Inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the

defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Whiting states a plausible claim of deliberate indifference against Nurse Salanez, Nurse Bucklin, Officer Kribbs, and Officer Cummings for delaying medical treatment. However, Whiting does not allege that Sheriff Boyd was personally involved in delaying medical treatment. "§ 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer*

3

*v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Therefore, the claim against Sheriff Boyd is dismissed.

For these reasons, the court:

(1) GRANTS Stephen Wayne Whiting leave to proceed against Nurse Salanez, Nurse Bucklin, Officer Kribbs, and Officer Cummings for money damages for denying him adequate medical treatment from March 5, 2018, to March 10, 2018, in violation of the Eighth Amendment;

(2) DISMISSES Sheriff Boyd;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Services to issue and serve process on Nurse Salanez, Nurse Bucklin, Officer Kribbs, and Officer Cummings at the LaPorte County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Salanez, Nurse Bucklin, Officer Kribbs, and Officer Cummings respond, as provided by the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, only to the claims for which Stephen Wayne Whiting has been granted leave to proceed in this order.

SO ORDERED on July 17, 2018.

s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT